No. 658
BALES v. ROBINSON et
Ohio Appeals, 9th Dist., Summit Co.
No. 1001.   Decided March 30, 1925

787.  MORTGAGES—Conveyance, though absolute upon its fact, when it is executed for purpose of securing an obligation or a debt, is a mortgage in equity.

305.  CONVEYANCE—Where there is a valid consideration shown, and grantee is without knowledge that it was made for the purpose of hindering, delaying and defrauding creditors, cannot be declared null and void.

PER CURIAM.

Frank Bales, a creditor of Williard Robinson, and received a judgment against him of $2000 in the Summit Common Pleas.  On April 2, 1923, Robinson executed a deed and conveyed to his wife certain real estate.

On appeal it was alleged that said conveyance was made for the purpose of and with the intent to hinder, delay and defraud the creditors of Robinson and especially Bales.  Bales prayed that the conveyance be declared null and void and that property be administered for benefit of creditors of Robinson and for such other relief as he would be entitled to in equity.

The Court of Appeals held:

1. The evidence shows that the consideration for said conveyance was money advanced by the wife to her husband both before and after marriage and prior to the date of said conveyance.  There being a valid considera-

tion shown for said conveyance the same would not be null and void under 8618 GC.

2. Record shows that the wife had no knowledge that the conveyance was being made to her for the purpose of hindering, delaying, and defrauding creditors of her husband. This court is therefore precluded from declaring said conveyance null and void.

3. It is shown by the record that conveyance was made to secure an advancement of $900 from the wife to the husband, and while said deed is absolute upon its face, it is in equity a mortgage to secure said amount, with interest thereon from April 2, 1923.

4. Decree may be drawn finding the conveyance a valid mortgage to secure sum of $900 with interest from April 2, 1923.

Attorneys—Geo. W. Coble and Mather, Nesbitt and Willkie for Bales; Donald Gottwald for Robinson; all of Akron.